VIRELLA, PLAINTIFF AND APPELLANT, *v.* A. HARTMAN & Co., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action of Debt.

No. 2206.—Decided June 30, 1920.

EVIDENCE—ANTE-MORTEM STATEMENT.—Testimony regarding statements of persons who have since died and who, therefore, can not contradict them, is generally received with great caution, and with greater reason in this case in which on the sole oral ante-mortem statement ascribed to a deceased person it is sought to contradict the acknowledgment in a public instrument of the receipt of the sum now sued for.

ID.—OCULAR INSPECTION.—It having been proved that certain old books of a mercantile partnership had been lost, it is unnecessary for the court to make an ocular inspection for the purpose of ascertaining whether they exist.

The facts are stated in the opinion.

*Mr. M. Benítez Flores* for the appellant.

*Messrs. Alvarez Nava & Domínguez, Soto Gras* and *Siaca* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a public deed of March 13, 1909, Francisco Virella Uribe, his three brothers and his mother sold the property

called Deseada, consisting of 676 acres of land situated in the districts of Guayama and Arroyo, to José Muñoz Vázquez for the sum of $150,000. The grantors admitted having received $54,000 of the purchase money prior to the execution of the deed and the balance was secured by a mortgage payable in various instalments. By another public deed of June 15, 1909, Muñoz Vázquez sold the said property to Juan Carlos McCormick, who, by another public deed of February 18, 1910, sold it to Enrique McCormick. In a later deed Enrique McCormick declared that he had made the purchase for the commercial firm of A. Hartman & Co. The mortgage instalments w e r e paid to the Virella Uribe grantors.

After the death of Juan Carlos McCormick suit was brought by Francisco Virella Uribe, one of the grantors, against the firm of A. Hartman & Co., of which Juan Carlos McCormick was a partner, to recover $13,500 as the plaintiff's share of the $54,000 which the grantors admitted having received from Muñoz Vázquez before the execution of the deed of sale, alleging that the said amount had not been paid to him and that Muñoz Vázquez did not purchase the property for himself, but as agent for the firm of A. Hartman & Co., and that in a conversation between the plaintiff and Juan Carlos McCormick the latter had promised to pay the former the amount claimed. The firm of A. Hartman & Co. answered with a general denial and after a trial the District Court of Guayama rendered judgment dismissing the complaint for insufficiency of evidence. In his appeal from that judgment the plaintiff contends that the lower court erred because the plaintiff fully proved his claim.

The only evidence introduced by the plaintiff at the trial in support of the fundamental allegation of his complaint, that Juan Carlos McCormick, in the name of the firm of A. Hartman & Co., promised that the said firm would pay the plaintiff the amount claimed, was the testimony of the plain-

tiff, and the lower court considered that evidence insufficient to support a finding that the obligation had been proved. Apart from the fact that in its discretion the court could believe or not believe the testimony of said witness (and we find no ground in the transcript of the record for holding that the court did not make a proper use of that discretion), it is to be observed that although the court may have given full credit to the testimony of the plaintiff, testimony regarding statements of persons who have since died and who, therefore,.can not contradict them, is generally received with great caution, and the rule is particularly applicable to this case in which, on the sole *ante-mortem* verbal statement ascribed to a deceased person, it is sought to contradict the acknowledgment in a public deed of the receipt of the money now sued for.  Furthermore, the fact that many years have elapsed since the receipt of the amount now sued for was acknowledged, and the fact that A. Hartman & Co. paid the deferred instalments without any claim having been made against them for the amount acknowledged to have been received, still further strengthen the conclusion at which the trial court arrived.  And if we add to this the fact that there was no evidence that Muñoz Vázquez purchased the property for A. Hartman & Co.; that this conclusion can not be deduced from the mere fact that Vázquez sold the property to Juan Carlos McCormick three months thereafter, and that it was not shown that the latter purchased the property for the firm, the conviction becomes still stronger that the court committed no error in considering the evidence insufficient to warrant a judgment against the defendants as prayed for by the appellant.  The fact that an employee of A. Hartman & Co. was commissioned to receive the property when it was purchased by Muñoz Vázquez is no proof that the latter purchased it for A. Hartman & Co., especially in view of the evidence that the services of the said employee were furnished by A. Hartman & Co. to Muñoz Vázquez on ac-

count of the relationship existing between the latter and the members of the said firm.

The second assignment of error is that the court refused to make an ocular inspection.

The plaintiff-appellant had moved the court to order the defendants to produce certain books kept by them during the years 1909, 1910 and 1911. One of the partners testified that the books asked for had been lost several years before and thereupon the plaintiff moved the court to make an ocular inspection of the defendants' establishment. The object of such inspection was not stated, although it appears that it was to have the court search for the said books. The motion was overruled on the ground that as it had been proved that the books had disappeared, the court considered such an inspection unnecessary unless it were shown that the books were in existence. We are of the opinion that the error assigned was not committed, for, aside from the fact that no statute is shown to have been violated, the inspection was entirely unnecessary after the court had held that the evidence showed that the books had been lost. Moreover, the record does not show what the party intended to prove by these books; therefore secondary evidence was admissible to supply the omission.

Other grounds of error regarding the admissibility of certain questions put to the witnesses and of a letter were not argued by the appellant and are of no importance, for which reasons we need not consider them.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.